1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FELTON L. MATTHEWS, JR.,          )
                                  )
                 Petitioner,      )          2:12-cv-01286-PMP-GWF
                                  )
vs.                               )          **ORDER**
                                  )
DWIGHT NEVEN, *et al.*,           )
                                  )
                 Respondents.     )
_____/

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  This matter comes before the Court on respondents' motion to dismiss the petition.  (ECF No. 12).

**I.  Procedural History**

      The State charged petitioner in the Eighth Judicial District Court of Nevada, by information, with three counts of sexual assault on a minor under the age of fourteen.  (Exhibit 4).[1]  Petitioner entered into a plea agreement with the State where he pleaded guilty to two counts of lewdness with a child under the age of fourteen.  The Court sentenced petitioner to two consecutive terms of life with a minimum parole eligibility of ten years.  The judgment of conviction was filed on May 13,

_____

[1]  The exhibits referenced in this order are found in the Court's record at ECF No. 14.

1    2002. (*Id.*).  The Nevada Supreme Court affirmed the judgment of conviction by order filed July 9,

2    2003.  (Exhibit 3, at Part 1).  Petitioner filed a post-conviction habeas petition in the state district

3    court, which was denied.  The Nevada Supreme Court affirmed the denial of the post-conviction

4    state habeas petition by order filed March 10, 2005.  (Exhibit 3, at Part 2).

5            Petitioner is well known to this Court from his numerous previous actions alleging violations

6    of his constitutional rights through both civil rights and habeas corpus actions.  *See* Case No. 2:11-

7    cv-01443-PMP-GWF, at ECF No. 3) (dismissing habeas petition as successive).  Petitioner has filed

8    at least eight prior federal habeas petitions in this Court, seeking relief pursuant to 28 U.S.C. § 2254

9    and § 2241.  (*See* Case No. 3:03-cv-00096-HDM-RAM; Case No. 3:03-cv-00551-LRH-RAM; Case

10   No. 3:05-cv-367-LRH-RAM; Case No. 3:05-cv-00386-LRH-VPC; Case No. 3:06-cv-00616-LRH-

11   VPC; Case No. 3:07-cv-00516-BES-RAM; Case No. 3:09-cv-00160-BES-VPC; Case No. 2:11-cv-

12   1443-PMP-GWF; Case No. 2:12-cv-00236-KJD-CWH).

13           In the instant action, respondents have brought a motion to dismiss the petition, *inter alia,* as

14   successive.  (ECF No. 12).  Petitioner filed an opposition to the motion.  (ECF No. 18).  Respondents

15   filed a reply.  (ECF No. 30).

16   **II. Discussion**

17           "Before a second or successive application permitted by this section is filed in the district

18   court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

19   court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028,

20   1029 (9th Cir. 2009).  Where a prior habeas corpus petition was decided on the merits, a later-filed

21   habeas petition is a successive petition subject to dismissal in the district court.  *See id.*; *see also*

22   *Magwood v. Patterson*, 130 S.Ct. 2788 (2010) (successive petition determination is made as to a

23   petition as a whole, not as to individual claims within the petition).

24           In the instant case, none of the preconditions to filing a second or successive application for

25   federal habeas relief have been satisfied.  Petitioner continues to challenge the same 2002 conviction

26

2

1    that he has challenged in at least eight prior federal habeas petitions filed in this Court.  The habeas

2    petition filed under case number 3:05-cv-00367-LRH-RAM was reviewed on the merits and the

3    petition was denied by order filed March 7, 2006, with judgment entered the next day, on March 8,

4    2006.  (ECF Nos. 35 & 36, in 3:05-cv-00367-LRH-RAM).  This Court has dismissed several of

5    petitioner's subsequent federal petitions as successive.  Petitioner has not presented this Court with

6    proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals.

7    Petitioner fails to demonstrate any basis not to dismiss the current petition as successive.  The instant

8    petition is dismissed with prejudice, as a successive petition.  28 U.S.C. § 2244(b)(3); *McNabb v.*

9    *Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

10   **III.  Certificate of Appealability**

11           In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28

12   U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

13   (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District

14   courts are required to rule on the certificate of appealability in the order disposing of a proceeding

15   adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

16   certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

17   Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

18   right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

19   473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

20   court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at

21   484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

22   issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

23   the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no

24   reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court

25   therefore denies petitioner a certificate of appealability.

26

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 12) is **GRANTED.**  The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion to expand the record (ECF No. 9), motion for extension of copy credit (ECF No. 16), motion for discovery (ECF No. 20), motion for records search and verification (ECF No. 27), motion to vacate sentence and judgment of conviction (ECF No. 28), motion for AEDPA relief (ECF No. 33), and motion to amend petition (ECF No. 49) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this _ 18th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

4